UNITED STATES DISTICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SOPHIE VICK**<br>4320 8th Street, NW<br>Washington, DC 20011,<br><br>and<br><br>**ANTOINETTE BOLZ**<br>11246 South Worth<br>Worth, IL 60482,<br><br>and<br><br>**CAITLYN MCCLURE**<br>1619 Evergreen Park Ln SW<br>Olympia, WA 98502,<br><br>and<br><br>**KELLY MEARS**<br>1619 Evergreen Park Ln SW<br>Olympia, WA 98502,<br><br>Plaintiffs,<br><br>v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA,**<br>441 4th street NW<br>Suite 600 South<br>Washington, D.C. 20001,<br><br>and<br><br>**JAMES D. McGINLEY,**<br>*In his official capacity as Clerk of the Superior Court of the District Of Columbia*<br>500 Indiana, Ave., NW<br>Washington, DC 20001,<br><br>and<br><br>**DARRELL HALE,**<br>*In his official capacity as Director of the* | Civil Action No: |

*Victims Compensation Fund,*
500 Indiana, Ave., NW
Washington, DC 20001,

Defendants.

CLASS ACTION COMPLAINT

COMPLAINT WITH JURY DEMAND

Introduction

1. Sophie Vick, Antoinette Bolz, Caitlyn McClure, and Kelly Mears ("Named Plaintiffs") on their own behalf and on behalf of the class defined below bring this action against the Government of the District of Columbia, and James D. McGinley, Clerk of the Superior Court, in his official capacity only, and Darrell Hale, in his official capacity only, as Director of the Victims Compensation Fund, under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, to enforce the Fifth Amendment, for injuries suffered by them and the class, because the District failed to refund money they had been assessed under D.C. Code § 4-516(a) (the "VVCCA") after their convictions on which the assessments had been imposed were reversed or vacated or otherwise invalidated.

2. The sole legal basis for their VVCCA assessments were their now invalidated convictions.

3. As used herein "reverse" or "reversed" includes such words as vacate, invalidate, or overturn in all of their relevant forms.

4. Sometimes herein all defendants are hereby collectively referred to as the District because the District has legal liability for the conduct of the Clerk and the Director of the Program.

5. The crux of Named Plaintiffs' claim is: (1) the District did not refund the assessments they paid that were imposed on their Superior Court convictions when the convictions were reversed or vacated or otherwise invalidated, (2) the failure to make refunds without a hearing at which the District was obligated to establish its justification for continued retention of their assessments

constituted deprivations of their property without Due Process, and (3) the District's failure to make the refunds was based on a policy or practice of the District of not making refunds.

6. This is a constitutional challenge to the "Program's" lack of a refund scheme, not to any judicial order by a Superior Court judicial officer. ("Program" means the Crime Victims Compensation Program, D.C. Code §§ 4-501(11), 4-502). The complaint names the District and administrative officers of the District and the Superior Court. The complaint does not name any Superior Court judicial officer in their individual or official capacity. The Program is a creature of the District of Columbia Council. D.C. Code § 4-503(a). The D.C. Council created the Program and designated the Superior Court to administer it. *Id.*

7. The District's City Council, when it established the Program, did not establish any mechanism for the Program to refund to persons the amounts they were assessed under the VVCCA (the "the Victims of Violent Crime Compensation Act of 1996") upon conviction when those convictions are reversed by the District of Columbia Court of Appeals or any other court. Nor did the Council establish a procedure for notice and a hearing at which the District would have to establish its right to retain the assessments if it did not promptly return them. As a result, Named Plaintiffs and the other class members did not receive refunds when their convictions were reversed. The Program's continued retention of their assessments after their convictions were reversed without a hearing at which the District was required to justify retention of their assessments constitutes a deprivation of property without Due Process under the 5th Amendment.

## Jurisdiction and Venue

8. This Court has jurisdiction over the § 1983 claims under 28 U.S.C. §1331 and 28 U.S.C. §1343(3)-(4).

9. Venue is proper in this jurisdiction pursuant to 28 U.S.C §1391(b) because the events or omissions underlying the claims occurred in this judicial district.

Parties

10. Each of Sophie Vick, Antoinette Bolz, Caitlyn McClure, and Kelly Mears was assessed and paid a $50 per charge when each was convicted of one count each under the Crowd and Traffic Control Regulation, 24 DCMR §§ 2100.1–.2 (1983) on 6/21/2012, in the District of Columbia Superior Court.

11. Sophie Vick, Antoinette Bolz, Caitlyn McClure, and Kelly Mears were each found CJA Eligible by the Superior Court judicial officer on 6/21/2012 which means each was found indigent.

12. James D. McGinley is the Clerk of the Superior Court of the District of Columbia (sometimes hereinafter the "Clerk" or the "Clerk of the Superior Court"). He is sued in his official capacity only.

13. The Clerk of the Superior Court manages all non-judicial court employees, the administrative functions, and the day-to-day operations of all divisions under his authority. The Clerk of the Superior Court manages the Budget and Finance Division, including the Banking and Finance Branch.

14. Darrell Hale is the Director of the Victims Compensation Fund. He is sued in his official capacity only.

15. The District of Columbia is a municipal corporation capable of being sued under D.C. Code § 1-102.

## Factual Allegations

### Crime Victims Compensation Program

16. Pursuant to the VVCCA the District maintains a Crime Victims Compensation Program (the "Program") which provides for payments of money to persons who are victims of violent crimes.

17. The Crime Victims Compensation Program, D.C. Code § 4-501(11), was established in its current form by legislation enacted by the D.C. Council in 1996. D.C. Code § 4-502. The Victims of Violent Crime Compensation Act of 1996 ("VVCCA" or "the 1996 Act") replaced the Victims of Violent Crime Compensation Emergency Act of 1996.

18. The D.C. Council designated the Superior Court to administer the Program and directed it to issue rules and regulations as are necessary for the operation of the Program and the Funds (defined below). D.C. Code § 4-503(a). The purpose of the Program is to investigate and, where appropriate, compensate the claims of victims of violent crime in the District of Columbia. D.C. Code § 4-502.

19. The Program administers two funds: the Crime Victims Compensation Fund, D.C. Code § 4-515; and the Crime Victims Assistance Fund, D.C. Code § 4-515.01) (the "Funds") which are funded in part by "assessments" imposed on persons convicted of specified offenses in the District of Columbia. D.C. Code § 4-516(a). Assessments "shall be collected as fines," but they remain assessments, not fines or restitution.   D.C. Code § 4-516(c).

20. The VVCCA establishes three levels of assessments: (1) $ 100 for each violation of section 50-2201.05, (2) between $50 and $250 for "other serious traffic or misdemeanor offenses," and (3) between $100 and $5,000 for each felony offense. D.C. Code § 4-516(a). The Superior Court judicial officers have discretion to impose assessments within the range of the statutory guidelines but imposition of the assessments is mandatory.

21. The D.C. Council did not provide for refunds of assessments imposed on convictions in the event that the convictions are reversed.

22. Nor did the Council establish a procedure for notice and a hearing at which the District would have to establish its right to retain the assessments if it did not promptly return them after the convictions were reversed.

23. The Superior Court has promulgated rules pursuant to its rule making authority under D.C. Code § 4-503(a). Superior Court Crime Victims Compensation Program, Rule 1, *et seq.*

24. But, the Superior Court has not exercised its rule making authority to provide for refunds of assessments imposed on convictions in the event that the convictions are reversed.

25. REPETITIOUS?The VVC Fund is separate from the General Fund of the District of Columbia. The money in the VVC Fund never reverts to the General Fund of the District of Columbia.

26. The amount assessed by the trial court for each offense depends on the category of the offense. $100 is assessed for each Traffic offense under D.C. Code § 50-2201.05, between $50 and $250 is assessed for each other serious traffic or misdemeanor offenses, and an amount of between $100 and $5000 is assessed for each felony offense.

27. Although Superior Court judicial officers have discretion to determine the amount of the assessment within the statutory range, assessments under the VVCCA are mandatory in all felony and misdemeanor (including serious traffic) cases and cannot be waived.

**Persons whose convictions have been reversed are entitled to refunds of amounts paid into the VVC Fund**

28. Persons whose convictions have been reversed are entitled to refunds of amounts paid into the VVC Fund for each reversed conviction on a per conviction basis because a reversed conviction is a nullity.

**The Superior Court has not established any mechanism for refunding to persons who were assessed amounts upon conviction when those convictions were reversed**

29. The Budget and Finance Division receives payments of court fees, fines and forfeitures including assessments under D.C. Code § 4-516.

30. When the Clerk of the Superior Court receives money from an assessment, his clerks make a docket entry in CourtView memorializing how much money was received.

31. The Superior Court has not established any mechanism for refunding to persons amounts they were assessed under the VVCCA upon conviction when those convictions were reversed.

32. The Clerk of the Superior Court has not and does not send notice of the refund due to convicted persons from whom the assessments were collected when their convictions are reversed.

33. Nor does the District provide notice and a hearing at which the retention of assessments on convictions that have been reversed must be justified.

34. Nor does the Clerk make any docket entry showing that a refund of an assessment is available after the conviction on which it is based has been reversed.

35. Nor does the Clerk make any docket entry showing that the obligation to pay an unpaid assessment is no longer due after the conviction on which it is based has been reversed.

36. During the relevant period covered by this Complaint, the District had a policy and/or practice of administratively keeping such assessments and not making refunds even if a person goes to the office of the Clerk of the Superior Court or one of the branches therein and makes a demand for the return of their money.

### Facts of Sophie Vick, Antoinette Bolz, Caitlyn McClure, and Kelly Mears' cases

37. Each of Sophie Vick, Antoinette Bolz, Caitlyn McClure, and Kelly Mears was tried on 6/21/2012 in a 12 co-defendant bench trial in the Superior Court on a single count each under the Crowd and Traffic Control Regulation, 24 DCMR §§ 2100.1–.2 (1983).

    1

38. Each of Sophie Vick, Antoinette Bolz, Caitlyn McClure, and Kelly Mears was convicted after a combined bench trial in the Superior Court of one count each under the Crowd and Traffic Control Regulation, 24 DCMR §§ 2100.1–.2 (1983), on 6/21/2012.

39. Each of Sophie Vick, Antoinette Bolz, Caitlyn McClure, and Kelly Mears was sentenced and each was assessed $50 per charge pursuant to the VVCCA on 6/21/2012 by the presiding Superior Court judicial officer.

---

1 Sophie Vick, Antoinette Bolz, Caitlyn McClure, and Kelly Mears and eight other co-defendants were tried and convicted in Superior Court on a single charge under the Crowd and Traffic Control Regulation, 24 DCMR §§ 2100.1–.2 (1983). One of the co-defendants was also tried on a charge of urinating in public. The Court of Appeals reversed all of the Crowd and Traffic Control Regulation convictions and affirmed the single urinating in public conviction. The person who was convicted on the single urinating in public conviction is not a named plaintiff.

40. Each of Sophie Vick, Antoinette Bolz, Caitlyn McClure, and Kelly Mears paid the $50 per charge assessed by the presiding Superior Court judicial officer pursuant to the VVCCA and the payment was docketed on CourtView on 6/21/2012.

41. The Court of Appeals reversed each of their convictions in an opinion issued December 8, 2016. <u>Antoinette Bolz, et al. v. District of Columbia</u>, 14-CT-956 to 14-CT-967, December 8, 2016.

42. The District of Columbia Court of Appeals reversal is reflected on CourtView in each Superior Court case in a docket entry dated 12/8/2016.

43. Each of Sophie Vick, Antoinette Bolz, Caitlyn McClure, and Kelly Mears became entitled to a refund of the $50 assessed on the Crowd and Traffic Control Regulation conviction on 12/8/2016 because the conviction became a nullity when it was reversed by the District of Columbia Court of Appeals.

44. But, the District and the Clerk of the Superior Court and the Program have kept the $50 assessments on the reversed Crowd and Traffic Control Regulation convictions.

45. The District has never provided notice of the entitlement of a refund to any of Sophie Vick, Antoinette Bolz, Caitlyn McClure, or Kelly Mears or to any member of the class.

46. The District and the Superior Court and the Program have never provided notice and a hearing to any of Sophie Vick, Antoinette Bolz, Caitlyn McClure, or Kelly Mears, or to any member of the class, in which the District or the Superior Court or the Program had to establish entitlement to retain the $50 assessed on the reversed Crowd and Traffic Control Regulation convictions.

47. In fact, the District and the Clerk of the Superior Court and the Program have no system for making refunds of assessments on reversed convictions to persons whose convictions have been reversed.

## Class Action Allegations

## Rule 23 Allegations

48. Named Plaintiffs on behalf of themselves and the Class brings this action under Rules 23(a), 23(b) (2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of each person who: (i) in the period beginning three years before the date of filing of the original complaint in <u>Scott v. District of Columbia, et al.</u>, 16-753 (RDM)(filed 4/23/16), and going forward until the case is terminated; (ii) paid an assessment imposed on a criminal conviction or plea by a Superior Court judicial officer; (iii) became entitled to a refund of all or part of the assessment because the conviction on at least one charge was reversed or vacated by the Court of Appeals or by any court in the District of Colombia; (iv) who has not received a refund or prompt notice and a hearing on entitlement to the refund of the assessment.

49. Certification of this class under Federal Rule of Civil Procedure 23(b)(2) is appropriate, because the District of Columbia (including the Clerk) have a policy, pattern, and practice for each claim that has uniformly affected all members of the class, and appropriate relief includes a declaration that each class member is entitled to recover assessments paid on convictions that were reversed and an order requiring defendant to disgorge such amounts; and equitable relief and declaratory judgment against the District and the Clerk will benefit each and every plaintiff and class member. The class is entitled to equitable relief including restitution of the assessments.

50. Named Plaintiffs and the other class members are entitled to declaratory judgment against the District and the Clerk and the Program Director that collecting assessments and not refunding them when the conviction is reversed is unconstitutional.

51. Certification of a class under Federal Rule of Civil Procedure 23(b)(3) is also appropriate, in that common questions of law and fact predominate over any individual questions, and class action treatment is superior for the fair and efficient adjudication of these class claims as detailed below.

52. The class is entitled to monetary relief.

53. Regarding Named Plaintiffs and the other members of the class, there are no individual questions on the issue of liability, because all members of the Class are injured by the same policy and practices.

54. Among the questions of law and fact common to the classes are:

   **a.** whether the District and the Clerk and the Program have a practice and policy of retaining assessments paid by persons on convictions under the VVCCA when one or more of the convictions is reversed;

   **b.** whether not returning such assessments when the underlying conviction is reversed without notice and a hearing at which the District justifies the continued retention violates procedural due process under the Fifth Amendment;

   **c.** whether Named Plaintiffs and the members of the class and future members are entitled to equitable relief, and, if so, what is the nature of that relief.

57. The proposed class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Named Plaintiffs at this time, but docket entries and investigation indicates that more than 100 people are members of the class and are due return of their money in amounts ranging from $50 to $5000.

58. Named Plaintiffs' claims are typical of the claims of the other members of the Class, because Named Plaintiffs and all other members of the Class were injured by exactly the same means, that

is, by the District's policy and practice of failing to return assessments after the conviction on which the amount had been assessed was reversed.

59. Named Plaintiffs on behalf of themselves and the Class will fairly and adequately protect the interests of the members of the Class and have retained counsel who are competent and experienced in complex federal civil rights class action litigation.

60. Named Plaintiffs have no interests that are contrary to, or in conflict with, those of the class.

## Claim One

### Fifth Amendment Procedural Due Process Claim

61. All prior paragraphs are incorporated herein by reference as if fully set forth herein.

62. The District failed to refund money that Named Plaintiffs have been assessed under D.C. Code § 4-516(a) after their convictions on which the assessments had been imposed were reversed.

63. Named Plaintiffs and the class members have a right to return of their money and notice of their right to a refund or notice and a hearing at which the District must establish its right to retain the assessments because their convictions have been reversed.

64. The District and the Clerk violated Named Plaintiffs and the other class members' rights by failing to return their money or provide them notice and a hearing and Named Plaintiffs and the class members were injured thereby including loss of the amounts they were assessed but not refunded, and loss of interest, and loss of the value of their time devoted to retrieval of their money.

65. Named Plaintiffs and the other class members thereby suffered damages as described below.

### Class Relief Demands

Named Plaintiffs on behalf of themselves and all other members of the Class respectfully requests that this Court grant the following relief:

**A.**  Declare Defendants' practice of failing to return assessments, or send notice that the assessments are available for pick up or provide notice and a hearing after the underlying convictions have been reversed, is unconstitutional.

**B.**  Award Named Plaintiffs and the other class members damages including the amounts they were assessed but not refunded, and other damages including prejudgment interest, and compensatory damages for any injury attributable to loss of the money's use and compensation for the value of their time devoted to its retrieval and other damages, and attorney fees; as well as equitable and declaratory relief.

**C.**  Grant a jury trial on all claims so triable.

**D.**  Declare that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) and certifying the Class, and designate Named Plaintiffs and Plaintiff's counsel as the proper representative of the classes.

**E.**  Award Named Plaintiffs and the other class members compensatory and consequential damages in an amount to be determined at trial;

**F.**  Award plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988 or as determined under the "common fund" rule; and

**G.**  Grant such other relief as this Court deems just and proper.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>717 D Street, N.W<br>Suite 300<br>Washington, DC 20004 Phone 202/824-0700<br>Email claibornelaw@gmail.com | /s/ Lynn E. Cunningham<br>LYNN E. CUNNINGHAM<br>D.C. Bar # 221598<br><br>306 Westview Drive<br>P.O. Box 1547<br>Dubois, Wyoming 82513 Phone 307/431-4158<br>Email lcunningham@law.gwu.edu |
| Respectfully submitted,<br><br>/s/ Jeffrey Light<br>JEFFREY L. LIGHT<br>D.C. Bar #485360<br>1712 Eye St., NW<br>Suite 915<br>Washington, DC 20006<br>Phone 202/277-6213<br>Email jeffrey@lawofficeofjeffreylight.com | |

*Counsel for Named Plaintiffs and the other members of the Class*

## JURY DEMAND

Plaintiffs demand a jury of six as to all claims so triable.

/s/William Claiborne

WILLIAM CLAIBORNE
D.C. Bar # 446579

/s/ Jeffrey Light
JEFFREY L. LIGHT
D.C. Bar #485360

/s/ Lynn E. Cunningham
Lynn E. Cunningham, Esq.
D.C. Bar # 221598

*Counsel for Named Plaintiffs and the Class*